# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**VADIM LOPEZ-REYES,**

    **PLAINTIFF,**

**VS.**                                                  **CV NO.:**

**HALAL SUPERMARKET,**
**NABIL MAFLAHI, & SADEQ**
**MAFLAHI,**

    **DEFENDANTS.**                   **JURY TRIAL DEMANDED**

## COMPLAINT

**I.   JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

**II.   PARTIES**

    2.    Plaintiff, Vadim Lopez-Reyes, (hereinafter "Plaintiff") is a resident of Pelham, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus,

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Defendant Halal Supermarket (hereinafter "Halal Supermarket") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

4. Defendant Nabil Maflahi (hereinafter "Nabil"), is an individual and resident of Birmingham, Jefferson County, Alabama, as well as the owner of Halal Supermarket; he supervised the day-to-day operations of Defendant, Halal Supermarket, meaning that he is an employer as defined by the FLSA.

5. Defendant Sadeq Maflahi (hereinafter "Sadeq"), is an individual and resident of Birmingham, Jefferson County, Alabama, as well as the manager of Halal Supermarket; he supervised the day-to-day operations of Defendant, Halal Supermarket, meaning that he is an employer as defined by the FLSA.

### III. STATEMENT OF FACTS

6. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-5 above.

7. Defendants hired Plaintiff on or about March 2022.

8. Defendants employed Plaintiff as a Butcher.

9. At all times during the employment relationship, Defendants classified Plaintiff as an hourly paid, non-exempt employee.

10. During the three years preceding the filing of this Complaint, Plaintiff typically worked over forty hours in a work week.

## IV. COUNT ONE – FLSA – Overtime Violations

11. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-10 above.

12. During the two years preceding the filing of this Complaint, Defendant Halal Supermarket is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

13. During the two years preceding the filing of this Complaint, Defendant Halal Supermarket has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

14. Defendant Halal Supermarket's gross annual volume of revenue, on a rolling quarterly basis for the fiscal quarters endings on December 2020, March 2021, June 2021, and September 2021, December 2021, March 2022, June 2022, and September 2022, exceeded $500,000.

15. At all times relevant to this action, Halal Supermarket was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

16. At all times relevant to this action, Nabil was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

17. At all times relevant to this action, Sadeq was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

18. During the two years preceding the filing of this Complaint, Plaintiff, and all others similarly situated butchers working for Defendants were employees of Defendants as defined by 29 U.S.C. § 203(e)(1).

19. Defendants paid Plaintiff an hourly wage of $15.00 per hour.

20. During the two years preceding the filing of this Complaint, Defendants recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

21. Defendants failed to pay overtime premium to Plaintiff for all hours worked in excess of forty in a work week

22. Defendants set the work week for Plaintiff and other similarly situated employees with a beginning day of Monday and an end day of Sunday.

23. Defendants required Plaintiff to use a timecard to records the hours worked during the work week.

24. Upon information and belief, Defendants do not retain employee timecards.

25. Defendants failed to pay overtime premium to Plaintiff for all hours worked in excess of forty for the work weeks ending on March 27, April 3, 10, 17, 24, May 1, 8, 15, 22, 29, and June 5, 12, 19, 2022

26. For the work week ending on June 26, 2022, Defendants paid Plaintiff a regular rate of for sixty (60) hours per week but failed to pay Plaintiff overtime premium for twenty (20) hours of overtime labor.

27. For the work week ending on July 3, 2022, Defendants paid Plaintiff a regular rate of for seventy-two (72) hours per week but failed to pay Plaintiff overtime premium for thirty-two (32) hours of overtime labor.

28. For the work week ending on July 10, 2022, Defendants paid Plaintiff a regular rate of for sixty-seven (67) hours per week but failed to pay Plaintiff overtime premium for twenty-seven (27) hours of overtime labor.

29. For the work week ending on July 17, 2022, Defendants paid Plaintiff a regular rate of for sixty (60) hours per week but failed to pay Plaintiff overtime premium for twenty (20) hours of overtime labor.

30. For the work week ending on July 24, 2022, Defendants paid Plaintiff a regular rate of for sixty-three (63) hours per week but failed to pay Plaintiff overtime premium for twenty-three (23) hours of overtime labor.

31. For the work week ending on July 31, 2022, Defendants paid Plaintiff a regular rate of for sixty-seven (67) hours per week but failed to pay Plaintiff overtime premium for twenty-seven (27) hours of overtime labor.

32. For the work week ending on August 7, 2022, Defendants paid Plaintiff a regular rate of for sixty (60) hours per week but failed to pay Plaintiff overtime premium for twenty (20) hours of overtime labor.

33. For the work week ending on August 14, 2022, Defendants paid Plaintiff a regular rate of for seventy (70) hours per week but failed to pay Plaintiff overtime premium for thirty (30) hours of overtime labor.

34. For the work week ending on August 21, 2022, Defendants paid Plaintiff a regular rate of for seventy (70) hours per week but failed to pay Plaintiff overtime premium for thirty (30) hours of overtime labor.

35. Plaintiff did not work overtime hours during the work week ending on August 28, 2022.

36. For the work week ending on September 4, 2022, Defendants paid Plaintiff a regular rate of for sixty-four (64) hours per week but failed to pay Plaintiff overtime premium for twenty-four (24) hours of overtime labor.

37. For the work week ending on September 11, 2022, Defendants paid Plaintiff a regular rate of for sixty (60) hours per week but failed to pay Plaintiff overtime premium for twenty (20) hours of overtime labor.

38. On September 12, 2022, Plaintiff resigned his employment with Defendants.

39. As the result of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of his unpaid overtime pay, unpaid overtime premium, unpaid minimum wages (if any), liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Whitney Morgan Brown

**OF COUNSEL**:
Allen D. Arnold, Attorney at Law
ALLEN D. ARNOLD, LLC
6 Office Park Circle, Ste. 209
Mountain Brook, AL 35223
T: (205) 252-1550
F: (205) 469-7162
ada@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

OF COUNSEL

**DEFENDANTS ADDRESSES:**
Halal Supermarket International
22 Green Springs Highway
Homewood, AL 35209

Nabil Malfahi
22 Green Springs Highway
Homewood, AL 35209

Sadeq Malfahi
22 Green Springs Highway
Homewood, AL 35209

\